IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| | ) Case No.   CIV-16-1142-R |
| Plaintiff, | ) ) |
| v. | ) ) |
| (1) BROWN-THOMPSON GENERAL PARTNERSHIP D/B/A 7-ELEVEN STORES | ) ) <u>JURY TRIAL DEMANDED</u> ) |
| Defendant. | ) ) ) |

## <u>COMPLAINT</u>

### <u>NATURE OF THE ACTION</u>

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Casey Crothers and other qualified individuals with disabilities who were adversely affected by such practices.  The Equal Employment Opportunity Commission ("Commission") alleges that Defendant Brown-Thompson General Partnership d/b/a 7-Eleven Stores ("7-Eleven") failed to provide reasonable accommodation in the form of either light or modified duty or allowing more than three days leave to Casey Crothers and other qualified individuals and instead discharged them because of their disabilities in violation of the ADA. The Commission further alleges 7-Eleven made unlawful pre-job-offer medical-related inquiries in violation of the ADA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, (Title VII), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed by Defendant within the jurisdiction of the United States District Court for the Western District of Oklahoma.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant 7-Eleven has continuously been an Oklahoma Domestic Partnership doing business in the State of Oklahoma and the City of Oklahoma City and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Casey Crothers filed a charge of discrimination with the Commission alleging disability discrimination in violation of Title I of the ADA by Defendant.

8.      On August 5, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA.

9.      The Letter of Determination invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10.    The Commission engaged in communications with Defendant to provide

       Defendant the opportunity to remedy the discriminatory practices described in the

       Letter of Determination.

11.    The Commission was unable to secure from Defendant a conciliation agreement

       acceptable to the Commission.

12.    On September 24, 2015, the Commission issued to Defendant a Notice of Failure

       of Conciliation.

13.    All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF FACTS</u>

14.    7-Eleven employs over 1000 employees at approximately 112 Oklahoma

       convenience stores, bakery, and warehouse/distribution center.

15.    7-Eleven's job application requires applicants to disclose the number of days the

       applicant missed from work in the last three years and to state "why."

16.    Since at least 2012, 7-Eleven has maintained a light duty policy which provides

       light or modified duty assignments only to employees who have worker's

       compensation claims and/or on-the-job injuries and denies such assignments as a

       reasonable accommodation to qualified employees with disabilities who do not

       have worker's compensation claims or on-the-job injuries, regardless of whether

       light or modified duty work was available and whether providing it would pose an

       undue hardship to 7-Eleven.

17.    Since at least 2012, 7-Eleven has maintained an inflexible three-day leave policy

       which does not provide for additional leave as a reasonable accommodation for

qualified individuals with disabilities and which instead provides for termination of their employment.

18.    On June 4, 2012, 7-Eleven hired Charging Party Casey Crothers as a stocker in its warehouse/distribution center.

19.    7-Eleven's stocker position required lifting items weighing between 15 to 50 pounds on a constant and daily basis.

20.    Crothers suffers from psoriatic arthritis, a condition which affects one or more body systems, including but not limited to immune, skin, musculoskeletal, and / or special sense organs.

21.    Crothers's psoriatic arthritis condition substantially limits one or more major life activities, including but not limited to lifting, walking, and the operation of major bodily functions, including immune, skin, musculoskeletal, and / or special sense organs.

22.    On January 28, 2013, Crothers presented his supervisor, Ms. Lugina Curry, and her boss, warehouse manager, Tom Heffron, with a note from his doctor advising 7-Eleven of temporary work restrictions. The doctor's note stated that Crothers was placed on lifting restrictions of no more than ten pounds for two to three weeks due to inflammation of his hands, feet, and back.

23.    Crothers told Ms. Curry and Mr. Heffron that he suffers from psoriatic arthritis, and he requested that 7-Eleven temporarily transfer him to a pricing position for two to three weeks until his flare-ups were under control.

24.     In response, Mr. Heffron told Crothers it wasn't "7-Eleven's problem" that he was having a medical problem and 7-Eleven did not have to work with him.

25.     7-Eleven could have provided reasonable accommodation to Crothers by temporarily transferring him to a pricing position or, if a pricing position was not available, allowing Crothers to take leave as an accommodation.

26.     7-Eleven fired Crothers on January 28, 2013.

27.     7-Eleven terminated Crothers because he had lifting restrictions for a two to three week period due to a medical condition, because he needed light duty work, and / or because his restrictions would cause him, in the absence of light duty work, to miss more than three days of work.

28.     Crothers contacted 7-Eleven's Human Resources department on January 29, 2013, and his termination was confirmed by 7-Eleven representative Eileen Vakulick.

29.     Since January 1, 2012, 7-Eleven has similarly terminated other employees who were disabled within the meaning of the ADA because they needed temporary light or modified duty and / or because they needed more than three days of leave due to a medical condition.

## COUNT I

### (ADA – Failure to Accommodate)

30.     Paragraphs 1 through 29 are realleged and incorporated by reference as though fully set forth herein.

31.     Defendant engaged in unlawful employment practices in violation of Section 102(a) and (b) of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to provide

reasonable accommodation to Crothers and other qualified employees disabled within the meaning of the ADA.

32. The effect of the practices complained of herein has been to deprive Crothers and other qualified employees with disabilities of equal employment opportunities and otherwise adversely affect the status of each as an employee because of their disabilities.

33. Defendant's unlawful employment practices complained of herein were intentional.

34. Defendant's unlawful employment practices complained of herein were done with malice or reckless indifference to the federally protected rights of Crothers and other employees disabled within the meaning of the ADA.

<u>COUNT II</u>

<u>(ADA – Termination)</u>

35. Paragraphs 1 through 29 are realleged and incorporated by reference as though fully set forth herein.

36. Defendant engaged in unlawful employment practices in violation of Section 102(a) and (b) of the ADA, 42 U.S.C. § 12112(a) and (b), by terminating the employment of Crothers and other qualified employees disabled within the meaning of the ADA because of disability.

37. The effect of the practices complained of herein has been to deprive Crothers and other qualified employees with disabilities of equal employment opportunities and otherwise adversely affect their status as employees because of disability.

38.   Defendant's unlawful employment practices complained of herein were intentional.

39.   Defendant's unlawful employment practices complained of herein were done with malice or reckless indifference to the federally protected rights of Crothers and additional individual victims.

COUNT III

(ADA – Unlawful Medical Inquiry)

40.   Paragraphs 1 through 29 are realleged and incorporated by reference as though fully set forth herein.

41.   Defendant engaged in unlawful employment practices in violation of Section 102(d) of the ADA, 42 U.S.C. § 12112(d)  by requiring employment applicants to disclose the number of days they were absent from work in the previous three years and to explain the reasons for their absences. These questions were pre-employment inquiries of job applicants as to whether such applicant was an individual with a disability or as to the nature or severity of such disability.

42.   The effect of the practices complained of herein has been to deprive Crothers and other qualified applicants and employees of equal employment opportunities and otherwise adversely affect their rights to be free from discrimination and disability-related inquiries made unlawful under the ADA.

43.   Defendant's unlawful employment practices complained of herein were intentional.

44.     Defendant's unlawful employment practices complained of herein were done with malice or reckless indifference to the federally protected rights of Crothers and other employees and applicants for employment.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with it, from engaging in unlawful employment practices which discriminate on the basis of disability;

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons with disabilities and which eradicate the effects of its past and present unlawful employment practices;

C.     Order Defendant to make Crothers and other individual victims of the unlawful employment practices described above whole by providing appropriate back pay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.     Order Defendant to make Crothers and other individual victims of the unlawful employment practices described above whole by providing compensation for past, present, and future pecuniary losses resulting from the unlawful practices described above, including moving expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

E.      Order Defendant to make Crothers and other individual victims of the unlawful employment practices described above whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including embarrassment, dignitary harm, inconvenience, hardship, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.      Order Defendant to reinstate Crothers and other individual victims of the unlawful employment practices described above, or compensate them in appropriate amounts as front pay, along with applicable interest;

G.      Order Defendant to pay Crothers and other individual victims of the unlawful employment practices described above punitive damages for its malicious or recklessly indifferent conduct described above, in amounts to be determined at trial;

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs of this action.

## <u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all claims set forth herein.


                                    P. DAVID LOPEZ
                                    General Counsel

                                    JAMES L. LEE
                                    Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN
Regional Attorney

C. FELIX MILLER
Supervisory Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7914 (telephone)
(314) 539-7895 (fax)
andrea.baran@eeoc.gov
felix.miller@eeoc.gov

/s/ Patrick J. Holman_____
PATRICK J. HOLMAN, OBA No. 21216
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 231-4363 (telephone)
(405) 231-4375 (fax)
patrick.holman@eeoc.gov