# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-16-1142-R<br>) |
| BROWN-THOMPSON GENERAL PARTNERSHIP D/B/A 7-ELEVEN STORES, | )<br>)<br>) |
| Defendant. | )<br>) |

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel (Doc. No. 22), to which Defendant has filed a response in opposition. On August 16, 2017, the Court heard arguments from counsel on the motion. Having considered the parties' submissions, the Court finds as follows.

Plaintiff filed this action alleging Defendant violated the Americans with Disabilities Act ("ADA") when it terminated the employment of Casey Crothers as a stocker in the warehouse. The EEOC contends that 7-Eleven failed to make reasonable accommodations for Mr. Crothers and other employees by failing to provide light or modified duty assignments in the absence of workers' compensation claims or on-the-job injuries and by enforcing a policy that permitted no more than three-days of consecutive absences rather than additional leave as an accommodation.[1] Plaintiff asserts that since

---

[1] Defendant utilizes the term "light duty" to refer to product pricing jobs it reserved exclusively for employees with on-the-job injuries. The EEOC does not limit its usage of the term in this regard, utilizing it to refer to less demanding jobs, that is modification of an employee's normal responsibilities.

2012, Defendant's policy has been that employees unable to attend work for more than three consecutive days due to injuries or conditions not sustained on the job who are not eligible for leave under the Family Medical Leave Act are terminated, but may be rehired later. Plaintiff asserts Defendant relied on this policy in lieu of accommodating disabled employees as required by the ADA. With regard to Mr. Crothers, Plaintiff alleges that he informed his supervisors about his psoriatic arthritis and his inability to lift more than ten pounds for a period of two to three weeks, the result of inflammation in his hands, feet and back. Mr. Crothers was not eligible for FMLA leave, and Plaintiff argues he was terminated rather than temporarily transferred as he has requested or granted a leave of absence, either of which would have been a reasonable accommodation. Crothers filed a Charge of Discrimination with the EEOC. The EEOC in turn provided Defendant with a Notice of Expanded Investigation on June 27, 2013, seeking the names of additional 7-Eleven employees who were discharged under the Defendant's stated policy, from a period of January 1, 2012 onward. The parties are now embroiled in a discovery dispute, Plaintiff contending that Defendant has failed to provide adequate responses to certain discovery requests, specifically Interrogatories 4 through 13 and Requests for Production 7 through 12, 17 through 20, and 26. Plaintiff contends that Defendant's response includes untimely and meritless objections. Defendant contends it has adequately responded to requests seeking relevant information, in part relying on Plaintiff's alleged failure to prove any discrimination heretofore.

At the hearing counsel addressed discovery requests by category rather than by reference to particular interrogatory or request for production number, consistent with

paragraph 2 of the instant motion, and the Court will rely on this same categorization rather than addressing individual Interrogatories or Requests for Production.

The Court hereby **GRANTS** Plaintiff's motion to the extent the EEOC seeks the following categories of documents:

> Information and documents relating to 7-Eleven's providing light or modified duty to employees with non-work related medical conditions, including the identity of such employees from May 2012 to present.
>
> Information and documents relating to 7-Eleven's providing leaves of absence[] for non-work related medical conditions, including the identity of such employees from May 2012 to present.
>
> Information and documents relating to 7-Eleven's providing reasonable accommodations for employees with non-work related medical restrictions from May 2012 to present, including the identity of such employees from May 2012 to present.
>
> Documents that relate to 7-Eleven's providing reasonable accommodations to employees with work-related medical conditions from May 2012 to present.
>
> Documents identified or relied upon in 7-Eleven's response to interrogatories.

The Court finds the information sought is relevant and Defendant failed to establish that provision of the requested information or documents would create an undue burden. Defendant's reliance on a de-centralized personnel system and the lack of computers does not operate to the detriment of the EEOC by insulating Defendant from discovery.

As stated at the hearing, the Court denies for the time being Plaintiff's motion as it relates to Request for Production No. 26, wherein it sought 7-Eleven's financial statements for 2015 and 2016. The Court considers Plaintiff's request for information and documents relating to Casey Crothers as moot in light of Defendant's supplemental discovery

3

responses, given that Plaintiff did not address the issue in its reply or at the hearing. Finally, the parties disagreed at the hearing regarding Defendant's responses as they related to Interrogatory 13, which falls into the category of "facts and documents relevant to the EEOC's claims as well as allegations in the 7-Eleven's answer and the identity of persons with knowledge of those facts" Doc. No. 22, p. 4. Defendant contends it has proffered the information requested as well as the documents in support of its responses, and its supplemented answers linked the responses to the discovery Defendant previously provided by Bates stamp number. Defendant contends they have offered all responsive documents, and the Court cannot order additional production if none exists. Defendant is reminded of its continuing obligation to produce documents responsive to Plaintiff's requests should additional documents be uncovered during the search of Defendant's files ordered above. As such, the Court denies Plaintiff's motion as it relates to this category.

For the reasons set forth herein, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED this 21st day of August 2017.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE