# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-16-1142-PRW |
| BROWN-THOMPSON GENERAL PARTNERSHIP D/B/A 7-ELEVEN STORES, | ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court are two motions to strike by Defendant: first, Defendant's Motion to Strike Declarations in Plaintiff's Motion For Partial Summary Judgment (Dkt. 196) filed February 20, 2019, and second, Defendant's Motion to Strike Declarations in Plaintiff's Response to Defendant's Motion For Summary Judgment (Dkt. 221) filed April 17, 2019. Plaintiff responded in opposition to these motions on March 1, 2019 (Dkt. 206), and May 7, 2019 (Dkt. 227), respectively, and Defendant filed replies on March 8, 2019 (Dkt. 209), and May 14, 2019 (Dkt. 228), respectively. For the reasons set forth below, the Court strikes Plaintiff EEOC's Motion For Partial Summary Judgment (Dkt. 187) and Plaintiff EEOC's Opposition to Defendant's Motion For Summary Judgment (Dkt. 214).

In both motions to strike, Defendant argues that declarations of the claimants' treating physicians submitted as evidence to support Plaintiff's relevant summary judgment

1

filings should be stricken because they contain expert testimony.[1] This is improper, Defendant contends, because Plaintiff failed to identify these physicians as expert witnesses as required by Fed. R. Civ. P. 26(a)(2),[2] and as a result, Plaintiff is not allowed to use this expert testimony in support of its motion.[3] Plaintiff, on the other hand, argues the testimony of these physicians is permissible lay testimony because it "is based on their own medical records and their personal and professional knowledge as it relates to their observation and treatment of each respective Claimant."[4] In any event, Plaintiff asserts that it complied with the expert disclosure requirements.[5]

*Analysis*

*Disclosure of Experts*

Fed. R. Civ. P. 26 mandates the disclosure of "the identity of any witness [a party] may use at trial to present [expert testimony per] Federal Rule of Evidence 702, 703, or 705."[6] In addition, an expert disclosure generally "must be accompanied by a written report,"[7] or, if none is required, "the disclosure must state . . . the subject matter on which

---

[1] *See* Def.'s Mot. To Strike Decls. In Pl.'s Mot. For Partial Summ. J. (Dkt. 196) at 1, 12–15; Def.'s Mot. To Strike Decls. In Pl.'s Resp. To Def.'s Summ. J. (Dkt. 221) at 12–20.

[2] *See* Def.'s Mot. To Strike Decls. In Pl.'s Mot. For Partial Summ. J. (Dkt. 196) at 1.

[3] *See id.*

[4] *See* Pl.'s Obj. To Def.'s Mot. To Strike Decls. (Dkt. 206) at 14, 11–15.

[5] *See id.* at 14.

[6] Fed. R. Civ. P. 26(a)(2)(A).

[7] *Id.* 26(a)(2)(B).

the witness is expected to present evidence . . . and . . . a summary of the facts and opinions to which the witness is expected to testify."[8]

### *Expert v. Lay Testimony*

Because a witness could be qualified as an expert and offer expert testimony does not mean that he or she cannot also—or only—offer lay testimony.[9] Such lay testimony is governed by Fed. R. Evid. 701, which allows the admission of opinion testimony by a non-expert witness where the testimony is "rationally based on the witness's perception," "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of [Fed. R. Evid.] 702."[10] Where a witness offers only lay testimony, then, a party need only disclose to the opposing party the witness's name and contact information, along with the subjects of the information held by the witness "that the disclosing party may use to support its claims or defenses."[11]

Accordingly, non-expert physicians "are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient."[12] "[W]hen a treating

---

[8] *Id*. 26(a)(2)(C).

[9] *See United States v. Caballero*, 277 F.3d 1235, 1247 (10th Cir. 2002) ("Both Federal Rules of Evidence 701 and 702 distinguish between expert and lay testimony, not between expert and lay witnesses. Indeed, it is possible for the same witness to provide both lay and expert testimony in a single case."); *United States v. Logsdon*, No. CR-12-298-D, 2013 WL 5755614, at *2 (W.D. Okla. Oct. 23, 2013).

[10] Fed. R. Evid. 701.

[11] Fed. R. Civ. P. 26(a)(1)(A)(i).

[12] *Blodgett v. United States*, No. 2:06-CV-00565DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008) (internal quotation omitted); *see Davoll v. Webb*, 194 F.3d 1116 (10th Cir.

3

physician's testimony is based on a hypothesis, not the experience of treating the patient, it crosses the line from lay to expert testimony, and it must comply with the requirements of [Fed. R. Evid.] 702 and the structures of *Daubert*."[13]

The distinction between expert and lay testimony is crucial here because the physician declarants were not properly designated as expert witnesses by Plaintiff pursuant to Fed. R. Civ. P. 26(a)(2).[14] Thus, if their declarations contain expert testimony, then Fed. R. Civ. P. 37(c) prohibits the use of that testimony in support of a motion or at trial unless Plaintiff's failure to disclose is substantially justified or harmless.[15]

---

1999) ("A treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treating of the party.").

[13] *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317–18 (11th Cir. 2011).

[14] Although Plaintiff argues that it complied with the expert witness disclosure requirements, the Court disagrees. Plaintiff points to its Fifth Supplemental Rule 26(e)(1)(a) Disclosure (Dkt. 206-3), in which Plaintiff states that it "anticipates that one or more of the claimants' treating physicians may be called upon to testify as both fact witnesses and expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(C)." Following this statement are extremely generalized summaries of the physicians's anticipated testimony, offering no indication about opinions they will offer; accordingly, this disclosure does not meet the requirements of Fed. R. Civ. P. 26(a)(2)(C) that it state "the subject matter on which the witness is expected to present evidence under [Fed. R. Evid. 702, 703, or 705]" and "a summary of the facts and opinions to which the witness is expected to testify." Moreover, Plaintiff was required to submit expert reports to Defendant by August 15, 2018, which never occurred as to the physician declarants. *See* Dkt. 103. The Fifth Supplemental Disclosure is also insufficient as a proper expert witness disclosure because later, Plaintiff only lists one expert witness (Elvira Sisolak, Senior Economist) in its Expert Witness List (Dkt. 115) and lists the treating physicians in its Final Witness List (Dkt. 116). Plaintiff explicitly designated one expert witness and cannot now use the treating physicians for backdoor expert testimony, especially in light of Plaintiff's descriptions of the treating physicians's testimony limited to personal knowledge. *See, e.g.*, Dkt. 116 at 15, ¶ 43.

[15] Moreover, summary judgment may only be supported or opposed by evidence that will be admissible at trial. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would

4

*The declarations of the treating physicians contain expert testimony.*

The Court agrees with Defendant that some portions of the non-expert physician declarations contain expert testimony. For example, in the Declaration of Dr. Tehseen Khan M.D. (Dkt. 187-3), Dr. Khan states that "[i]n the absence of treatment, it is likely that Ms. Knapp's MS, and associated symptoms, would worsen and become more debilitating."[16] This is clearly expert testimony; it exceeds the scope of Dr. Khan's personal knowledge and treatment of the patient, and offers a speculative prediction as to what may happen to the patient's medical condition under certain circumstances. Similarly, paragraphs 3 (except for the portion of paragraph 3 preceding the first comma), 4, and 5 cross the line from lay to expert testimony.[17] These paragraphs read like excerpts from medical textbooks and are based on specialized knowledge; they are not at all confined to Dr. Khan's treatment of the patient.

Conversely, the remainder of this declaration is lay testimony. Dr. Khan's statements about when Ms. Knapp became his patient and what happened at a couple of appointments with him in 2013, for example, describe his personal knowledge regarding his treatment of Ms. Knapp.[18]

---

be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

[16] Decl. Of Dr. Tehseen Khan M.D. (Dkt. 187-3) at 1, ¶ 5.

[17] *See id.* at 1, ¶¶ 3–5.

[18] *See id.* at 1–2, ¶¶ 2, 6–7.

*Permissibility of Expert Testimony Absent FRCP 27 Compliance*

All of the complained-of physician declarations contain a similar mixture of possibly impermissible expert testimony[19] and permissible lay testimony as described above. The declarations are only permissible in their entirety, then, if Plaintiff's failure to disclose is substantially justified or harmless under Fed. R. Civ. P. 37.[20] To make this determination, the Court considers "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'"[21] As the party that did not make the required expert disclosure, Plaintiff carries the burden to show its nondisclosure is substantially justified or harmless.[22]

Plaintiff does not demonstrate to the Court, or even argue, that its nondisclosure is substantially justified or harmless.[23] Instead, it maintains that all the testimony offered in the declarations is lay testimony.[24] Further, Plaintiff's failure to disclose is prejudicial to Defendant. Plaintiff did not disclose the physicians as expert witnesses in its Expert

---

[19] This testimony is only *possibly* impermissible because under Fed. R. Civ. P. 37(c), its use is prohibited unless the proponent can show its nondisclosure of the expert is substantially justified or harmless.

[20] Fed. R. Civ. P. 37(c).

[21] *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1130 (10th Cir. 2011) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

[22] *See Jackson v. Kansas City Kansas Pub. Sch. Unified Sch. Dist.* No. 500, 378 F. Supp. 3d 1016, 1022 (D. Kan. 2019).

[23] *See* Pl.'s Obj. To Def.'s Mot. To Strike Decls. (Dkt. 206) at 12–14.

[24] *See id*. at 12.

Witness List (Dkt. 115), so Defendant was justified in relying on Plaintiff's non-designation and assuming these physicians would be solely fact witnesses.[25] In reliance, Defendant did not cross-examine these physicians via deposition, and did not secure rebuttal expert witnesses. Additionally, the discovery cut-off has passed, so this deficiency cannot be cured, and introducing this testimony would disrupt trial because first-time cross-examination of these multiple physician witnesses providing expert testimony would necessarily be extensive by Defendant. Finally, it is unclear to the Court if there was any bad faith or willfulness on the part of Plaintiff.

Plaintiff may not proffer "an expert in lay witness clothing"[26] to the prejudice of Defendant and without consequence. Based on a consideration of the aforementioned factors, the Court finds that the expert testimony contained in the physician declarations may not be used by Plaintiff "to supply evidence on a motion, at a hearing, or at a trial,"[27] as Plaintiff's nondisclosure was not justified or harmless.

*Conclusion*

Plaintiff relies on the physician declarations, including portions containing improper expert testimony, to supply evidence in support of Plaintiff EEOC's Motion For Partial Summary Judgment (Dkt. 187) and Plaintiff EEOC's Opposition to Defendant's Motion For Summary Judgment (Dkt. 214). As a result, the Court **STRIKES** these filings (Dkt. 187 and 214) in their entirety. The Court further **ORDERS** that Plaintiff may submit (1) a

---

[25] *See* Def.'s Mot. To Strike Decls. In Pl.'s Resp. To Def.'s Summ. J. (Dkt. 221) at 11, ¶ 9.
[26] Fed. R. Evid. 701 advisory committee notes.
[27] Fed. R. Civ. P. 37(c)(1).

motion for summary judgment and (2) a response to Defendant's Motion for Summary Judgment, if it so chooses, within thirty (30) days of the date of this order.[28] If Plaintiff submits these filings, local rules govern response and reply times.[29][30] As a result of this order, Defendant's additional contention that certain claimants' declarations are improper is moot.

**IT IS SO ORDERED this 23rd day of August, 2019.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[28] Any evidence submitted as support for these filings should conform with the discussion of this order, specifically as to permissible lay testimony and impermissible expert testimony.

[29] *See* W.D. Okla. Civ. R. 7.1(g) and (i).

[30] If Defendant files a future motion to strike declarations, it should engage in an analysis similar to that contained in this order, analyzing each line or paragraph of a declaration to determine whether it is expert or lay testimony, and explaining to the Court why Defendant has made each classification.